IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JODI L. DREHER, | ) | CASE NO. 1:15CV1412 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN COLVIN, | ) | ORDER ADOPTING MAGISTRATE'S |
| ACTING COMMISSIONER OF | ) | REPORT AND RECOMMENDATION |
| SOCIAL SECURITY | ) | |
| | | |
| Defendant. | | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth McHargh.  Defendant filed Objections to the Report and Recommendation (ECF #16) and Plaintiff filed a Brief in Response. (ECF #17). The Report and Recommendation (ECF # 15), issued on June 7, 2016, is hereby ADOPTED by this Court.

Plaintiff, Jodi L. Dreher, ("Plaintiff"), filed a Complaint on July 16, 2016 requesting judicial review of the final decision of the Commissioner of Social Security denying her application for Social Security Income ("SSI") benefits. (ECF #1).[1]  Plaintiff has alleged that she is disabled due to Charcot-Marie-Tooth disease[2] and Bipolar Disorder.  Plaintiff argues that the

---

[1]     Plaintiff's request for review of this matter by the Appeals Council was denied on May 15, 2015.

[2]     This disease affects the peripheral nerves, which lie outside the brain and spinal cord and supply the muscles and sensory organs in the limbs. *See Alvarez v. Comm'r of Soc. Sec.*, No. 14-12429, 2015 WL 3932543, *fn 2 (E.D. Mich. May 28, 2015).

decision of the Administrative Law Judge, ("ALJ") was improper as it found Plaintiff was not disabled and has the capacity to perform sedentary work.

On June 7, 2016, Magistrate Judge McHargh issued his Report indicating that the ALJ properly considered the medical evidence under the treating source rule when she relied more heavily upon the state agency reviewing consultants' opinions relating to Plaintiff's physical condition. (ECF #15, pp. 12-17). However, the Magistrate Judge also found that the ALJ committed reversible error when she failed to properly analyze Plaintiff's physical limitations under the Listed Impairments set forth in 20 C.F.R. § 404, Subpt. P, App. 1. Specifically, the Report indicates that the ALJ should have provided a detailed "step-three" analysis of Plaintiff's physical impairments under Listing 11.14, Peripheral Neuropathies.[3] The Report further indicates that a proper analysis of Plaintiff's "significant limitations in her abilities to stand, walk, climb, balance, and user her feet" could have supported a finding of disability. (ECF #15, p. 20).

Because the ALJ failed to conduct a detailed analysis of the record evidence of Plaintiff's physical impairments in relation to Listing 11.14, this Court ADOPTS Magistrate McHargh's Report and Recommendation and REMANDS for a more thorough, step-three determination. *See Reynolds,* 424 Fed. App'x at 415; *Waller v. Astrue*, No. 12CV798, 2012 WL 6771844 (N.D. Ohio Dec. 7, 2012).

This Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F.Supp.2d 575, 577 (N.D.Ohio 1999), and finds Magistrate Judge

---

[3] The entire analysis consists of five steps; Magistrate Judge McHargh found that the ALJ's listing analysis at step three was insufficient. *See Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 415 (6th Cir. 2011).

McHargh's Report is well-reasoned, well-supported and correct in its conclusions. Therefore, this Court ADOPTS the Report and Recommendation in its entirety.

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: _September 14, 2016_

-3-